UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAIRU GARDRIE, SHERMAN HILL, SHAWN SANDERS, and ROBERT WALKER, | : | Hon Joseph H. Rodriguez |
| | : | Civil Action No. 15-3538 |
| Plaintiffs, | : | MEMORANDUM OPINION |
| v. | : | |
| VERIZON NEW JERSEY INC., ERIK SHEEHAN, and CAROL SHIELDS, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on its own Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. Remaining Plaintiffs Sherman Hill and Robert Walker have brought suit against their employer Verizon New Jersey Inc. ("Verizon") and Verizon managers Erik Sheehan and Carol Shields alleging that Defendants created and maintained a discriminatory work environment and failed to provide equal opportunities to African-American employees. Specifically, Plaintiffs complain of a hostile work environment permeated by lies, threats of suspension, and manipulative tactics including an aggressive discipline-focused management style targeting them as African-American Field Technicians, in part in retaliation for supporting their African-American coworkers in a separate lawsuit also alleging workplace discrimination.

1

Plaintiffs filed their three-count Complaint with this Court on May 20, 2015. The first cause of action alleged disparate treatment and hostile work environment based on race in violation of New Jersey's Law Against Discrimination ("NJLAD"). Next, Plaintiffs asserted a claim for unlawful retaliation in violation of NJLAD for Plaintiffs' legally protected complaints. The third cause of action alleged breach of a collective bargaining agreement. The face of the Complaint stated that federal jurisdiction was "pursuant to the Labor Management Relations Act ["LMRA"], § 301, 29 U.S.C.A. § 185." In reviewing the parties' submissions on summary judgment, the Court finds itself without subject matter jurisdiction.

Section 1331 of Title 28 of the United States Code provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Generally, "determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983)). Under this rule, subject-matter jurisdiction as described under 28 U.S.C. § 1331 may

only be granted when a federal question is presented on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

However, there is an exception to the well-pleaded complaint rule "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Federal question jurisdiction "will lie over some state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). In determining whether federal jurisdiction exists over a state law claim, the inquiry is "does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

The Supreme Court has held that section 301 of the LMRA is one such statute that possesses pre-emptive force so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim." *Caterpillar, Inc.*, 482 U.S. at 393. Section 301 grants subject matter jurisdiction to the federal courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act."

3

29 U.S.C.A. § 185(a). Preemption is warranted so that a "uniform federal law" would govern the interpretation of collective bargaining agreements. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988).

The Supreme Court has cautioned, however, that the LMRA does not preempt "every dispute concerning employment." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Id.* at 220-21. However, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

That is, "it would be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis-Chalmers*, 471 U.S. at 212. The Third Circuit has instructed that section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *N.J. Carpenters v. Tishman Constr.*

*Corp.*, 760 F.3d 297, 306 (3d Cir. 2014). Accordingly, courts in this district have held that NJLAD claims are separate and independent from the terms of labor contracts. *See Coefield v. Jersey Central Power & Light Co.*, 532 F. Supp. 2d 685, 693 (D.N.J. 2007) (collecting cases); *Naples v. N.J. Sports & Exposition Auth.*, 102 F. Supp. 2d 550, 553 (D.N.J. 2000) ("District of New Jersey courts have consistently determined that claims under the NJLAD are separate and independent from the terms of labor contracts."); *Carrington v. RCA Glob. Commc'ns, Inc.*, 762 F. Supp. 632, 641 (D.N.J. 1991) ("Following *Lingle,* courts have uniformly held that state anti-discrimination laws are not preempted by § 301 of the LMRA because the right not to be discriminated against 'is defined and enforced under state law without reference to the terms of any collective bargaining agreement,' even where the labor contract itself prohibits discrimination.").

In this case, Plaintiffs' claims are neither founded directly on rights established by the collective bargaining agreement, nor dependent upon an analysis of the collective-bargaining agreement ("CBA"). Plaintiffs claim they were discriminated against in violation of state law, which creates rights independent of the CBA. Resolution of the NJLAD claims demands a court "inquire into the facts and motivations of the parties relative to rights conferred by state law, not under the CBA, and pre-emption is therefore

inapplicable to Plaintiff's NJLAD claims." *Manos v. United Food & Comm'l Workers Int'l Union*, 9 F. Supp. 3d 473, 481 (D.N.J. 2014).

Accordingly, this Court lacks subject matter jurisdiction and must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

As a result, the claims of Sherman Hill and Robert Walker are dismissed and the case may be closed.

An appropriate Order shall issue.

Dated: February 14, 2019

JOSEPH H. RODRIGUEZ
U.S.D.J.